# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NEW CINGULAR WIRELESS,** ) <br> **PCS, LLC, successor in interest** ) <br> **to Dobson Communication, LLC** ) <br> **f/k/a Dobson Communication Corp.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **V.** ) <br> ) <br> **BRIAN W. BOONE,** ) <br> ) <br> ) <br> **Defendant.** ) <br> ) | **Case No. 5:10-cv-00982** <br> **Jury Trial Demanded** |

## AMENDED COMPLAINT

Plaintiff, New Cingular Wireless Services PCS, LLC ("New Cingular"), through its undersigned counsel, hereby complains against the above-named Defendant, Brian W. Boone, as follows:

### I.  PARTIES

1. Plaintiff, New Cingular, is a Delaware Limited Liability Company with its principal place of business in Atlanta, Georgia.

2. Defendant, Brian W. Boone ("Boone"), is an individual and a resident of Oklahoma City, Oklahoma.

### II. JURISDICTION AND VENUE

3. Jurisdiction in this matter is proper pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship of the parties exists, and the value of the rights in controversy exceed $75,000.

4. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims occurred in Oklahoma City and in that

Boone is subject to the Court's exercise of personal jurisdiction over him.

### III.  FACTUAL BACKGROUND

5.  On or about November 15, 2007, Dobson Communications Corporation ("Dobson") was acquired in a cash transaction, and thereafter, New Cingular became the successor in interest to Dobson.

6.  As part of the acquisition process, all outstanding Dobson stock options were settled in cash by Dobson.  On or about November 15, 2007, Boone, former Dobson Senior Vice President of Customer Operations and Chief Service Officer received a lump sum cash payment for his Dobson stock options.  He did not notify Dobson that approximately two weeks before, he had already exercised all of his outstanding stock options and received a cash payment at the time of such exercise.  Thus, Boone's lump sum payment from Dobson resulted in an overpayment of $545,000 for stock options that Boone no longer owned..

7.  As a result of the overpayment, Boone's subsequent severance payment received on or about August 2008 was reduced by $175,923.90 (to $0) to offset the overpayment.  Thereafter, on August 15, 2008, New Cingular demanded that Boone remit the remaining overpayment in amount of $369,576.10.

8.  To date, Boone has failed to remit the remaining overpayment of $369,576.10.

### IV.  CLAIMS FOR RELIEF
### (UNJUST ENRICHMENT)

9.  New Cingular hereby adopts and incorporations all previous allegations as if they were set forth herein verbatim in this paragraph.

10.  Boone has been unjustly overpaid by New Cingular in the amount $369,576.10.

11.  This has resulted in an unjust enrichment to Boone and an unjust detriment to New Cingular.

12. That New Cingular made demand upon Boone to repay the money and he has failed and refused to do the same.

13. Accordingly, New Cingular is entitled to recoup the amount of monies which were overpaid to Boone in the amount of $369,576.10.

## V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff, New Cingular, prays for judgment against Defendant, Boone, in the amount of $369,576.10, plus interest, attorney's fees, costs and any other relief this Court deems just and equitable.

Respectfully submitted,

s/ Robyn M. Funk
Kimberly Lambert Love, OBA #10879
James M. Love, OBA #10580
Robyn M. Funk, OBA #19810
Titus Hillis Reynolds Love
Dickman & McCalmon
15 East Fifth Street, Suite 3700
Tulsa, OK 74103-4334
Ph.: 918/587-6800
Fax: 918/587-6822
*Attorneys for Plaintiff*