**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

NEW CINGULAR WIRELESS, PCS, LLC, )
)
)
    Plaintiff, )
vs. ) NO. CIV-10-0982-HE
)
BRIAN W. BOONE, )
)
    Defendant. )

## ORDER

  Plaintiff New Cingular Wireless, PCS, LLC ("Cingular") sued defendant Brian W. Boone, a former officer of Dobson Communications Corporation (" Dobson"), asserting an unjust enrichment claim arising out of its acquisition of Dobson.[1] Boone counterclaimed against Cingular, asserting claims under ERISA and COBRA, for breach of his employment agreement, and for negligence and conversion. Cingular has filed a motion seeking the dismissal of Boone's negligence and conversion counterclaims.

  When considering whether a party's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Id*. (Internal quotations omitted). Considering the challenged claims under this standard, the court concludes plaintiff's motion should be

---

[1] Cingular alleges that it became the successor in interest to Dobson. Amended Complaint, p. 2.

granted.

Defendant was granted certain stock options while employed by Dobson. He received a lump sum cash payment for those options from Dobson in conjunction with its acquisition by Cingular. Plaintiff claims defendant failed to notify Dobson that he had already exercised and received payment for those stock options, resulting in his receipt of $545,000 for options he no longer owned.[2] Cingular deducted the alleged overpayment from a severance payment due defendant, but claims that still left defendant owing it the sum of $369,576.10.

Defendant alleges that he entered into an employment agreement with Dobson in June 2007, in which Dobson agreed to require any successor in interest to "'expressly assume and agree to perform ....'" Defendant's answer and counterclaim, p. 6. Defendant claims plaintiff failed to pay him policy severance and contract severance payments to which he was entitled, failed to make certain 401(k) contributions required by his employment agreement, and failed to provide him and his family with health benefits and notice of their right to continued coverage under ERISA and COBRA. He also alleges that, in November/December 2007, plaintiff's accounting department representatives "made various representations related to the amount and accuracy of money received by [defendant]" to defendant and his accountant and he then relied on those representations when he made certain charitable contributions and investments. *Id.* at p. 8.

---

[2]*In his response brief defendant essentially admits that he may have been overpaid, but attributes the error to plaintiff's negligence. Defendant's response, p. 2 ("Unbeknownst to Boone and due to Plaintiff's mistake in preparing the calculations and the stock option payment, it appears that the payment may have included payment for the ISO grant which had already been exercised by Boone.").*

2

In its motion plaintiff challenges defendant's negligence and conversion claims. Plaintiff argues that defendant's negligence claim fails because under Oklahoma law a party can recover for tortious breach of contract only in the insurance context. Defendant responds that Oklahoma courts have long recognized that an action for breach of contract and an action in tort may arise from the same set of facts. He contends the alleged overpayment resulted from plaintiff's lack of reasonable care – plaintiff negligently represented the accuracy of its payments to defendant and he justifiably relied on, and was damaged as a result of, plaintiff's representations.[3]

In certain circumstances, the same set of facts can result in both a contract and a tort claim. However, those circumstances are not present here. Defendant's attempt to craft a recovery sounding in tort — negligence — goes beyond what Oklahoma law has allowed in these circumstances. As noted below, Oklahoma law does not generally recognize a claim for conversion in these circumstances. It does permit the recovery of overpayments due to mistake of fact, notwithstanding arguable negligence on the part of the paying party. Shanbour v. Phillips 66 Natural Gas Co., 864 P.2d 815, 817 (Okla. 1993); *see also* Mid-Continent Petroleum Corp. v. Sawyer, 236 F.2d 518, 521 (10th Cir. 1956) (discussing impact

---

[3]*Defendant bases its negligence claim on plaintiff's alleged breach of its duty to exercise reasonable care to Boone in its calculations of, and making payments due to Boone for severance, compensation, bonuses and stock options, among other things; in its calculations of tax withholding and preparation of various employee tax forms on Boone's behalf; in its representations to Boone regarding the accuracy of the same; and in making the payments and calculations.*

*Defendant's answer and counterclaim, p. 13.*

3

of negligence on mistaken payment). It limits tort recoveries for breach of contract to a narrow range of circumstances. Rodgers v. Tecumseh Bank, 756 P.2d 1223 (Okla. 1988) (declining to recognize tortious breach of contract claim outside the insurance context). Given these limitations in similar contexts, the court concludes Oklahoma law does not recognize a duty sufficient to give rise to a negligence claim in these circumstances. Defendant's allegations of negligence may well be a basis for defense to plaintiff's claim for unjust enrichment, but do not state an affirmative claim for relief. Plaintiff's motion will be granted with respect to defendant's negligence counterclaim.

Defendant's conversion claim is based on plaintiff's asserted failure to remit the contract severance payment. He alleges plaintiff improperly set off the amount of the alleged stock option overpayment against that payment.

Plaintiff contends defendant is attempting to recast his breach of contract claim as a conversion claim, which is not allowed under Oklahoma law. The court agrees. "The general rule in Oklahoma is that only tangible personal property may be converted. . . . One may not maintain a tort action in conversion to satisfy a debt." Welty v. Martinaire of Oklahoma, Inc., 867 P.2d 1273, 1275 (Okla 1994), Steenbergen v. First Federal Sav. and Loan of Chickasaha, 753 P.2d 1330 (Okla. 1987), relied on by defendant, is distinguishable. Defendant's counterclaim for conversion will be dismissed.[4]

---

[4] Although defendant requested leave to amend if the court found he had failed to state a claim, his request is denied as the court concludes any attempted amendment would be futile.

Accordingly, plaintiff's partial motion to dismiss [Doc. #18] is **GRANTED**. Defendant's counterclaims are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 15th day of February, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE